1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ANTHONY RICHARDO TURNER,

11          Plaintiff,                    No. 2: 10-cv-0756 KJN P

12      vs.

13   ED G. PRIETO, et al.,

14          Defendants.                   ORDER

15   _____/

16          Plaintiff is a state prisoner proceeding without counsel.  Plaintiff seeks relief

17   pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to

18   28 U.S.C. § 1915.  This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1)

19   and Local Rule 302.

20          Plaintiff has submitted a declaration that makes the showing required by

21   28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.

23   28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing

24   fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court

25   will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison

26   trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to

make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551

2

1   U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal

2   quotations marks omitted).  In reviewing a complaint under this standard, the court must accept

3   as true the allegations of the complaint in question,  id., and construe the pleading in the light

4   most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

5          Named as defendants in plaintiff's complaint are the following employees of the

6   Yolo County Sheriff's Department: Prieto, Myers, Jackson, Schneider, Bradbury, Lucero,

7   Zetwick, Rayls (badge no. 372), Hale, Hunter, Praest, Rayls (badge no. 480), Masdeo, Purcell,

8   Leal, Hoyt, Howard, Rademaker and Folstham.

9          Plaintiff alleges that defendant Zetwick filed a rules violation report against

10   plaintiff then proceeded to violate plaintiff's due process rights during the disciplinary

11   proceedings.  Plaintiff alleges that he did not receive notice of the charges, an opportunity to be

12   heard, and staff assistance because he is a mental health patient.

13          The court presumes that plaintiff was a pretrial detainee while housed at the Yolo

14   County Jail.  The imposition of disciplinary segregation or other sanctions as punishment for a

15   pretrial detainee's violation of jail rules and regulations cannot be imposed without the

16   procedural due process requirements established by the Supreme Court in Wolff v. McDonnell,

17   418 U.S. 539 (1974).  See Mitchell v. Dupnik, 75 F.3d 517, 523-26 (9th Cir. 1996).  Those

18   procedural protections required by Wolff include advance written notice of the charges, no less

19   than twenty-four hours to prepare for the disciplinary hearing, a written statement by the

20   fact-finders of the evidence relied on and the reasons for the disciplinary action taken, a limited

21   right to call witnesses and present documentary evidence at the hearing, and a limited right to

22   receive assistance from a fellow inmate or correctional staff.  See Wolff, 418 U.S. at 564-70.

23          Plaintiff's claim that defendant Zetwick failed to give him notice of the charges is

24   somewhat vague and conclusory.  In the first place, plaintiff does not describe the charges made

25   against him by defendant Zetwick.  In addition, it is unclear if plaintiff is alleging that when he

26   arrived at the disciplinary hearing he had received no written notice of the charges from anyone

1   or whether he received written notice but not from defendant Zetwick.  It is also unclear what

2   plaintiff means when he alleges that he did not receive an opportunity to be heard.  Accordingly,

3   these claims are dismissed with leave to amend.

4          Due process requires inmates be provided with the assistance of a staff

5   representative if the inmate is illiterate or "the complexity of the issues makes it unlikely that the

6   inmate will be able to collect and present the evidence necessary for an adequate comprehension

7   of the case."  See Wolff, 418 U.S. at 570.  Plaintiff is clearly not illiterate.  Plaintiff does not

8   discuss why his status as a mental health patient required that he be assigned a staff assistant.

9   Accordingly, this claim is dismissed with leave to amend.

10         Plaintiff goes on to allege that as board members, defendant Zetwick and Hunter

11  restricted plaintiff to a 24 hour lockdown in his cell for three days, denying him his right to

12  exercise.  A pretrial detainee's claim for unconstitutional conditions of confinement arises from

13  the Fourteenth Amendment Due Process Clause rather than from the Eighth Amendment

14  prohibition against cruel and unusual punishment.  Bell v. Wolfish, 441 U.S. 520, 535 and n. 16,

15  (1979).  Nevertheless, the same standards are applied, requiring proof that the defendant acted

16  with deliberate indifference.  See Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

17         Deliberate indifference is a higher standard than negligence or lack of ordinary

18  due care for the prisoner's safety.  Farmer v. Brennan, 511 U.S. 825, 835 (1994).  To state a claim

19  of deliberate indifference, plaintiffs must meet a two-part test.  First, the alleged constitutional

20  deprivation must be, objectively, "sufficiently serious"; the official's act or omission must result

21  in the denial of "the minimal civilized measure of life's necessities."  Id. at 834.  Second, the

22  prison official must have a "sufficiently culpable state of mind," i.e., he must act with deliberate

23  indifference to inmate health or safety.  Id.

24         Three days of no outdoor exercise is insufficient to demonstrate cruel and unusual

25  punishment in violation of the Eighth Amendment.  See May v. Baldwin, 109 F.3d 557, 565 (9th

26  Cir. 1997) (finding "a temporary denial of outdoor exercise with no medical effects is not a

4

1    substantial deprivation").   Accordingly, plaintiff's claim that he was confined to his cell for three

2    days with no outdoor exercise fails to state a colorable claim for relief.

3              Plaintiff goes on to allege that the punishment imposed by defendants Zetwick

4    and Hunter, i.e. confined to his cell for three days, was done in retaliation for two lawsuits filed

5    by plaintiff against defendant Hunter.   As the Ninth Circuit has explained:

6              Within the prison context, a viable claim of First Amendment retaliation entails
              five basic elements: (1) An assertion that a state actor took some adverse action
7              against an inmate (2) because of (3) that prisoner's protected conduct, and that
              such action (4) chilled the inmate's exercise of his First Amendment rights, and
8              (5) the action did not reasonably advance a legitimate correctional goal.

9    Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005).

10             Plaintiff's allegations of retaliation are vague and conclusory.  Plaintiff pleads no

11   facts to support his claim.  In addition, without knowing the nature of the charges for which he

12   was found guilty by defendants Hunter and Zetwick, it is difficult to determine whether plaintiff

13   has stated a colorable retaliation claim.  Accordingly, this claim is dismissed with leave to

14   amend.

15             Plaintiff next alleges that defendant Praest falsely charged him with a rules

16   violation report on March 3, 2010.  In particular, defendant allegedly charged plaintiff with

17   withholding medication.  Plaintiff alleges that defendant Praest never saw plaintiff with drugs in

18   his possession.  Plaintiff appears to allege that after being found guilty of the charges, as

19   punishment he was denied his right to exercise ten hours every week, denied access to the

20   commissary and denied family visits.

21             An "inmate has no constitutionally guaranteed immunity from being falsely or

22   wrongly accused of conduct which may result in the deprivation of a protected liberty interest."

23   Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986).  An inmate who has been falsely accused

24   can state a constitutional claim if the filing of the false report was done in retaliation for the

25   exercise of his constitutional rights, see Hines v. Gomez, 108 F.3d 265, 267 (9th Cir. 1997), or

26   the inmate is not afforded the procedural due process safeguards required by Wolff v.

5

McDonnell, 418 U.S. 539 (1974).

Plaintiff alleges that he did not receive due process in the related rules violation hearing.  Plaintiff alleges that he did not receive notice of the charges, an opportunity to be heard, an opportunity to call witnesses or appointment of a staff assistant based on his mental illness.  These claims are vague and conclusory.  It is unclear if plaintiff is alleging that he received no written notice of the charges prior to the hearing or just no notice from defendant Praest.  Again, it is unclear what plaintiff means when he alleges that he was denied an opportunity to be heard.  While plaintiff alleges that he was not allowed to call witnesses, he does not allege that he made a request to call witnesses or, if he did, why his request was denied.  Plaintiff also again fails to discuss why he required staff assistance.

Additionally, plaintiff claims that defendant Praest filed the charges against him in retaliation for plaintiff having filed a lawsuit against him.  However, other than this conclusory assertion, plaintiff alleges no facts to support this claim.  For these reasons, plaintiff has not stated a colorable claim against defendant Praest.

Plaintiff goes on to allege that in support of defendant Praest's retaliation and racial discrimination, on March 4, 2010, defendant Masdeo searched plaintiff's cell three times in fifteen minutes.  Plaintiff alleges that defendant Masdeo took his "racial practices and conspiracy retaliation" further and tried to instigate an incident with plaintiff.  Defendant Masdeo placed plaintiff on lockdown in his cell, as a result of which plaintiff was denied outdoor exercise, family visits and kosher meals.

Plaintiff's claim that defendant Masdeo searched his cell in support of defendant Praest's campaign of retaliation and racial discrimination is vague and conclusory.  Other than the conclusory assertion, plaintiff pleads no facts to support such a claim.  While plaintiff alleges that defendant Masdeo improperly placed him on lockdown, it is unclear why defendant Masdeo took this action and for how long plaintiff was on lockdown.  Without this information, the court cannot determine whether plaintiff has stated a colorable claim against defendant Masdeo.

1    Plaintiff goes on to allege that he was then targeted by defendant Ryles (badge

2  372), Hale and Folstham for further "racial disability discrimination." Plaintiff alleges that these

3  defendants, as board members, restricted plaintiff's ability to eat three kosher meals a day for six

4  days. Plaintiff does not allege what specific actions defendants Ryles, Hale and Folstrom took

5  that resulted in him not receiving kosher meals for six days. It is unclear, for example, whether

6  these defendants specifically ordered that plaintiff not receive his kosher meals. Without

7  knowing why plaintiff did not receive his kosher diet for six days, the undersigned cannot

8  determine whether plaintiff has stated a colorable claim for relief against these defendants.

9    The complaint contains no allegations against defendants Prieto, Myers, Jackson,

10  Schneider, Bradbury, Lucero, Rayls (badge 482), Leal, Hoyt, Howard and Rademaker.

11    The Civil Rights Act under which this action was filed provides as follows:

12    Every person who, under color of [state law] . . . subjects, or causes
     to be subjected, any citizen of the United States . . . to the
13    deprivation of any rights, privileges, or immunities secured by the
     Constitution . . . shall be liable to the party injured in an action at
14    law, suit in equity, or other proper proceeding for redress.

15  42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the

16  actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See

17  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

18  (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the

19  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

20  omits to perform an act which he is legally required to do that causes the deprivation of which

21  complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

22    Moreover, supervisory personnel are generally not liable under § 1983 for the

23  actions of their employees under a theory of respondeat superior and, therefore, when a named

24  defendant holds a supervisorial position, the causal link between him and the claimed

25  constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862

26  (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.

7

1  941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel

2  in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

3  Cir. 1982).

4          Because plaintiff has failed to link defendants Prieto, Myers, Jackson, Schneider,

5  Bradbury, Lucero, Rayls (badge 482), Leal, Hoyt, Howard and Rademaker to any of the alleged

6  deprivations, the claims against these defendants are dismissed.

7          Finally, plaintiff seeks injunctive relief regarding the conditions at the Yolo

8  County Jail.  However, court records indicate that plaintiff is now incarcerated at the Deuel

9  Vocational Institution.  When an inmate seeks injunctive or declaratory relief concerning the

10  prison where he is incarcerated, his claims for such relief become moot when he is no longer

11  subjected to those conditions.  Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995).  Plaintiff's

12  claims for injunctive relief are dismissed as moot.

13          If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

14  conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.

15  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms

16  how each named defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983

17  unless there is some affirmative link or connection between a defendant's actions and the

18  claimed deprivation.  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy,

19  588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official

20  participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266,

21  268 (9th Cir. 1982).

22          In addition, plaintiff is hereby informed that the court cannot refer to a prior

23  pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that

24  an amended complaint be complete in itself without reference to any prior pleading.  This

25  requirement exists because, as a general rule, an amended complaint supersedes the original

26  complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended

complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Plaintiff's complaint is dismissed.

4.  Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

a.  The completed Notice of Amendment; and

b.  An original and one copy of the Amended Complaint. Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

DATED:  July 9, 2010

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

tur756.14

1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ANTHONY RICHARDO TURNER,

11              Plaintiff,                       No. 2:10cv0756 KJN P

12       vs.

13   ED G. PRIETO, et al.,                    NOTICE OF AMENDMENT

14              Defendants.

15   _____/

16            Plaintiff hereby submits the following document in compliance with the court's

17   order filed _____:

18            _____    Amended Complaint

19   DATED:

20

21                                        _____

22                                        Plaintiff

23

24

25

26